[No. 8640.]

FEDERAL GAS COMPANY v. COLORADO TAX COMMISSION.

1.  APPEALS—*Writ of Error—Time of.*  It is generally held that statutes which limit the time for an appeal or writ of error are mandatory and jurisdictional.  Where the statute is not observed, in point of time, the proceeding will be dismissed.

2.  ——*Tax Proceedings.*  It is generally held that the courts have no jurisdiction to entertain an appeal in tax proceedings after the time limited by law.

3.  ——*From the Tax Commission.*  Under Rev. Stat., sec. 5634, an appeal from an order of the Tax Commission, not taken until after the first Monday of January following the assessment was dismissed.

4.  ——*Excuses.*  The Court declined to say that there may not be circumstances beyond the control of appellant, excusing his delinquency.

*Error to Boulder District Court.*   Hon. NEIL F. GRAHAM, Judge.

Messrs. REED & GOSS, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. NORTON MONTGOMERY, Assistant Attorney General, for defendant in error.

Mr. JUSTICE ALLEN delivered the opinion of the court.

This was a statutory proceeding brought by the plaintiff in error, a public utility corporation, in the District Court of Boulder County, on appeal from the Colorado Tax Commission.

After the Tax Commission entered its order fixing the valuation of the property of the plaintiff in error for purposes of taxation, for the year 1913, and on August 22, 1913, the plaintiff in error filed with the said Tax Commission a petition to review and set aside this assessment, upon the ground that the valuation fixed was excessive, and was erroneous and unjust, because not uniform with the assessments made by the tax officials of the county and state upon like property similarly situated. A hearing was duly had upon said petition, after which, and on October 1, 1913, the Tax Commission made its order upon same. The plaintiff in error filed its notice of appeal in the office of the Tax Commission on February 21, 1914, and on March 18, 1914, the Secretary of the Commission filed in the office of the Clerk of the District Court a transcript of the proceedings before the Tax Commission.

The District Court upon motion of the Colorado Tax Commission, appellee, dismissed the appeal upon the ground that it should have been, and was not, taken on or before the first Monday in January, which was January 5, 1914. This dismissal is the error assigned.

The appeal from the decision of the Tax Commission to the District Court was taken pursuant to the provisions of section 5634 R. S. 1908, as amended by chapter 134 of the Session Laws of 1913. After providing for the filing of a petition with the Colorado Tax Commission setting forth the errors or erroneous assessments concerning which complaint is made, and for written decision thereon by the Commission, the act provides:

"If upon such hearing the said Commission shall find that no ground or reason for the filing of such petition or complaint existed and in case the decision theretofore made by the said Commission shall be affirmed in whole or in part, the taxpayer complaining may appeal

from. its decision to the district or county court of the county wherein the property is located, on or before the first Monday in January following said assessment. Such appeal shall be perfected in the same manner as now provided by law for appeals from boards of county commissioners upon the disallowance of a claim against the county, but before the appeal shall be allowed the petitioner shall pay to the county treasurer the amount of the tax levy pursuant to said assessment and in case the appellant shall succeed in whole or in part the treasurer shall refund such tax in whole or in part according to the modification so made upon the presentation to him of a certified copy of the order of the judgment modifying the same in all cases wherein a tax so collected shall be refunded the taxpayer shall receive interest on the amount refunded at ten per cent per annum from the time of the payment thereof."

It is conceded in this case that the appeal was not taken until more than two months had elapsed after the first Monday in January. The general rule applicable to this situation is stated in Corpus Juris as follows:

"It is very generally held that the statutes which limit the time for appeals or proceedings in error are mandatory and jurisdictional, so that, in the absence of express provision to the contrary, when an appeal or proceeding in error is not taken and perfected, nor a writ of error sued out, within the prescribed time, it will be disallowed or dismissed, unless appellant or plaintiff in error can show some excuse which the court will deem a sufficient reason for relieving him from the consequences of his failure to comply with the law."—3 C. J. 1066.

The rule seems more strict when applied to tax cases, as appears from the following statement in Cyc.:

"The statutes granting a right of appeal from tax assessments restrict the time within which such proceed-

ings for review may be taken, usually prescribing a short period in order that the collection of the public revenues may not be unduly delayed; and it is generally held that the courts have no jurisdiction or authority to entertain an appeal after the time limited by law."—37 Cyc. 1116.

The plaintiff in error contends that it is excused from having taken the appeal before the first Monday in January following the Tax Commission's order sought to be appealed from, upon the ground that the assessment roll and tax list for the year 1913 was not delivered by the assessor of Boulder County to the county treasurer until March 2, 1914, and that plaintiff in error paid in full the taxes levied pursuant to the assessment in question and complained of in the appeal, on March 3, 1914.

The statute prescribed no causes or conditions for or under which the time for taking an appeal may be extended. This court in the case of *Walton v. Canon City*, 39 Colo. 82, 84, 88 Pac. 860, having reference to a statute providing for an appeal, held that the statute recognizes no excuse for failure to take an appeal within the prescribed time.

While not deciding that there may not be circumstances of accident or misfortune beyond the control of an appellant which would excuse the taking of an appeal in the time prescribed by the statute, we are of the opinion, however, that the present case does not disclose such circumstances. The plaintiff in error, appellant below, took no steps in taking the appeal until February 21, 1914. The annual levy for general purposes of taxation for the county of Boulder was made on the 31st day of December, 1913, as shown by the stipulation in the record. The order of the Tax Commission appealed from was made October 1, 1913. The notice of appeal could have been filed prior to January 5, 1914. If it is necessary to pay taxes in order to take an appeal, the record

fails to disclose sufficient facts to excuse plaintiff in error for his failure to make a tender to the County Treasurer of the amount of its taxes, prior to the first Monday in January.

The trial court in holding that the appeal was not taken in time was right. The judgment is affirmed.

*Affirmed.*

Decision *en banc.*